UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBORAH L. URRIZAGA, and BECKI DRISKEL,<br><br>                Plaintiffs,<br><br> v.<br><br>J. MICHAEL MEMEO, individually and in his official capacity as Chief Administrator of the Fourth Judicial District Court of the State of Nevada, in and for the County of Elko; PATRICIA PLASTER, individually and in her official capacity as Juvenile Detention Director; The STATE OF NEVADA, ex rel. the FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF ELKO,<br><br>                Defendants. | 03:05-CV-0199-LRH-VPC<br><br>O R D E R |

Presently before this Court is Defendant's, J. Michael Memeo, motion for partial summary judgment (#38[1]). Plaintiffs, Deborah Urrizaga and Becki Driskel, have submitted an opposition (#41), to which Defendant has replied (#43).

///

///

---

[1] References to (#XX) refer to the court's docket.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs have alleged that they were forced to retire or were terminated from their positions in the Fourth Judicial District Court of Nevada in violation of 42 U.S.C. §§ 1983 and 2000e, *et seq.*, as well as various state law provisions. Plaintiffs allege their terminations were the result of sex discrimination of which they objected. Defendant has moved for partial summary judgment. Specifically, Defendant contends no evidence exists that Plaintiffs were anything but at-will employees; precluding claims based on any alleged right to remain employed. Further, Defendant contends that he is entitled to summary judgment as a matter of law on the issue of hostile work environment as it relates to both Plaintiffs and the issue of constructive discharge as it relates to Plaintiff Urrizaga.

Plaintiff Driskel and Plaintiff Urrizaga began their employment with the Fourth Judicial District Court of Nevada in approximately November of 2003. Both interviewed with Defendant as part of the hiring process. In their discussions regarding their employment, both plaintiffs admit that they were never told that they could only be terminated for cause. Further, neither plaintiff has provided evidence demonstrating that they entered into any written agreements that specified they could only be terminated for cause.

In the case of Plaintiff Driskel, evidence has been submitted demonstrating she signed two documents which establish her status as an at-will employee. The first was her original application which contained an applicant statement. That statement noted that her employment would be at-will and that any modifications to that status needed to be done in writing. The second was an acknowledgment of receipt of the Elko County Personnel Policies. That document noted that the polices were not to be interpreted as a contract between the County and its employees.

Regarding actual discrimination, Plaintiff Urrizaga has provided deposition evidence of certain events which she contends caused a hostile work environment. One event, directed towards Plaintiff Urrizaga personally, occurred in a budget meeting in February, 2004. At that meeting it is

alleged that Defendant used a dry erase board marker to draw imaginary circles around Plaintiff Urrizaga's breasts. Plaintiff Urrizaga states that she complained about this conduct and was pretty much left alone after the incident. Plaintiff Urrizaga points to no specific incidents of harassment towards her after this incident.

Plaintiff Urrizaga's other complaints of harassment center around actions taken by Defendant in the office. Plaintiff Urrizaga contends that Defendant would make certain innuendos about other female employees. Plaintiff Urrizaga also states that Defendant would make comments to her about the way she looked in certain outfits. Further, Plaintiff Urrizaga contends she was inappropriately used to run a personal errand for Defendant on one occasion. Finally, Plaintiffs contend that Defendant held meetings with them that did not focus on work but rather, in their opinions, were only designed to allow Defendant to stare at their breasts.

Plaintiff Urrizaga tendered her resignation in July, 2004. However, she stayed on in her position until August, 2004, while a suitable replacement was found. Plaintiff Urrizaga does not assert any overt episodes of harassment directed towards her between the incident in February, 2004, and her last day of work in August, 2004, other than a compliment relative to her dress in June, 2004.

Plaintiff Driskel also provides some specific allegations concerning her work environment. Specifically, Plaintiff Driskel states that at one meeting, when Defendant was upset, Defendant stated: "I'm not getting what I want from you." Plaintiff Driskel took this statement to mean that Defendant desired a personal relationship with her. In addition, Plaintiff Driskel contends that, after speaking to an employee Defendant did not want her to speak with, Defendant spent five days berating Plaintiff Driskel. Ultimately, Plaintiff Driskel was terminated from her position with the Fourth Judicial District Court. She alleges that Defendant was ultimately responsible for her termination.

///

///

1  **LEGAL STANDARD FOR SUMMARY JUDGMENT**

2      A court must grant summary judgment if the pleadings and supporting documents, when

3  viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as

4  to any material fact and that the moving party is entitled to judgment as a matter of law."

5  Fed.R.Civ.P. 56(c).  An issue as to any material fact is only "genuine" if the evidence regarding the

6  disputed fact is "such that a reasonable jury could return a verdict for the nonmoving party."

7  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "The mere existence of a scintilla of

8  evidence in support of the plaintiff's position will be insufficient [to preclude summary judgment];

9  there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

10  **DISCUSSION**

11      Defendant's motion for partial summary judgment requests the court find that there are no

12  material issues of fact relating to three distinct points.  First, that Plaintiffs were at-will employees.

13  Second, that there is no evidence of a constructive discharge.  And, third, that there is no evidence of

14  a hostile workplace.  Defendant requests that summary judgment be entered on all claims relying on

15  Plaintiffs' allegations to the contrary.

16      1.    *At-Will Employment*

17      Defendant argues that no material issue of fact exists concerning the employment status of

18  Plaintiff Driskel or Plaintiff Urrizaga.  According to Defendant, both were at-will employees.

19  Further, according to Defendant, there is no evidence to suggest that their at-will employment status

20  had been changed.

21      Regarding Plaintiff Driskel, Defendant has provided evidence that Plaintiff Driskel signed

22  and received two documents which established her at-will employment status.  The first document is

23  an Applicant Statement signed by Plaintiff Driskel on November, 10, 2003.  That document contains

24  a paragraph which expresses that the employment is at-will and that no agreements to the contrary

25  are valid unless they are in writing. Def.'s Mot. for Partial Summ. J. (#38) Ex. 1, p.2.  The second

document is a signed document, dated November 12, 2003, acknowledging receipt of Elko County's Personnel Policies. This document notes that is it not to be interpreted as a contract between the County and its employees. *Id.* at Ex. 2.

Further, Defendant points out that Plaintiff Driskel has provided no evidence to suggest that her at-will employment was modified. Specifically, Defendant notes that Plaintiff Driskel provided no statements in her deposition which suggested she had any conversations regarding her employment status or changes to it. As such, Plaintiff Driskel's argument that she was something other than an at-will employee is based on nothing other than her subjective beliefs.

Under Nevada law, employment contracts are presumably terminable at will. *Yeager v. Harrah's Club, Inc.*, 111 Nev. 830, 834 (1995). To overcome this presumption, an employee must provide some corroborated evidence which demonstrates that a contract was formed with that specific employee. *Id.* at 837. In this matter, Plaintiff Driskel has pointed to no facts which suggest that a contract was formed with her. Rather, Plaintiff Driskel relies on her belief that she could only be terminated for cause. This belief is not founded in any specific facts showing a contract existed between the parties which would modify the at-will employment notice provided when Plaintiff Driskel was hired. Accordingly, there are no material issues of fact concerning Plaintiff Driskel's employment status, she was an at-will employee.

Defendant also argues that Plaintiff Urrizaga can point to no facts suggesting she was anything other than an at-will employee. Specifically, Defendant points to Plaintiff Urrizaga's deposition testimony which demonstrates that nobody ever told her that she could be terminated only for cause. Def.'s Mot. for Summ. J. (#38), Ex. 5, pp. 62, 64-65, 68-69 & 88-89. Thus, according to Defendant it was only because of Plaintiff Urrizaga's subjective beliefs that she expected she could only be terminated for cause.

As with Plaintiff Driskel, Plaintiff Urrizaga points to no contradictory evidence in the record to support her assertion that she was not an at-will employee. Thus, given the presumption of at-will

employment, and Plaintiff Urrizaga's inability to point to any evidence to the contrary, the court concludes that no material issue of fact exists regarding Plaintiff Urrizaga's employment status. She was an at-will employee.

Having found that both plaintiffs were at-will employees, the court now considers which claims brought by Plaintiffs must be dismissed. Defendant argues that Plaintiffs' third, fifth, sixth and seventh claim for relief should be dismissed upon summary judgment because each relies on the premise that Plaintiffs were not at-will employees.

Plaintiffs' third claim for relief seeks recovery under 42 U.S.C. § 1983 for a due process violation. Specifically, Plaintiffs claim that they were not provided reasons for their termination in violation of their right to due process and that, as a consequence, they were deprived of their state-created property right and interest in their continued employment. Compl. (#2) at 8. As at-will employees, Plaintiffs had no protected property interest in their continued employment and therefore no due process claim can exist. *See Bishop v. Wood*, 426 U.S. 341, 346-47 (1976) (upholding finding of at-will employment under North Carolina state law and noting that, as an at-will employee, "petitioner's discharge did not deprive him of a property interest protected by the Fourteenth Amendment"). Accordingly, summary judgment is appropriate on this claim.

Plaintiffs' fifth claim for relief seeks recovery under Nevada law for wrongful termination. As this court has noted previously, in Nevada an at-will employee may be discharged for any reason. However, a wrongful termination claim may lie where an employer terminates an employee for reasons which violate public policy. *Canada v. Boyd Group, Inc.*, 809 F.Supp. 771, 781 (D. Nev. 1992). Thus, unless Plaintiffs' termination violated public policy, their at-will employment status precludes a wrongful termination claim. *See D'Angelo v. Gardner*, 107 Nev. 704, 712 (1991) (noting that a tortious discharge can occur even though no employment contract exists).

This court has found that while sex discrimination violates the public policies of Nevada, the state would not recognize a claim for wrongful termination brought by at-will employees because

alternative statutory remedies exist. *Canada*, 809 F.Supp. at 782. While Plaintiffs request this court closely review the reasoning of *Canada*, they do not dispute the conclusion drawn in that case. The court has reviewed the reasoning contained in *Canada* and concludes that the court was correct in determining that Nevada would not recognize a wrongful termination claim brought by at-will employees based on sex discrimination. Accordingly, as Plaintiffs were at-will employees, summary judgment is appropriate on their wrongful termination claim.

Plaintiffs' sixth and seventh claims for relief seek recovery under breach of contract and breach of the covenant of good faith and fair dealing theories. Nevada law holds that "breach of contract and bad faith discharge are not applicable to at-will employment." *Martin v. Sears, Roebuck & Co.*, 111 Nev. 923, 929 (1995). Accordingly, summary judgment is appropriate on Plaintiffs sixth and seventh claims for relief.

    2.    *Hostile Work Environment/Constructive Discharge*

Plaintiff Urrizaga's second claim for relief seeks recovery under 42 U.S.C. § 2000e-2 based on allegations of a hostile work environment resulting in a constructive discharge. A hostile workplace claim arises when one's workplace is so permeated with discrimination that it alters the conditions of one's employment and creates an abusive working environment. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). Such conditions are measured by employing a totality of the circumstances test to determine whether the working environment was both subjectively and objectively abusive. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). Important factors in this consideration are the frequency, severity and level of interference with work performance arising from the alleged harassment. *Id.* at 924.

Plaintiff Urrizaga's complaints of harassment center around one specific incident and some secondary concerns. The one complaint of directed harassment occurred when Defendant allegedly made circular motions with a dry erase board marker in a manner that suggested he was circling Plaintiff Urrizaga's breasts. This incident occurred in a budget meeting on February 4, 2004.

Plaintiff Urrizaga contends she complained to supervisors and that she was pretty much left alone after that.  There are no allegations of suggestive language in connection with Defendant's actions and no suggestion that inappropriate contact occurred between Defendant and Plaintiff Urrizaga.

The remainder of Plaintiff Urrizaga's allegations are in the form of general complaints. Plaintiff Urrizaga contends that Defendant made suggestive innuendos about other women in the office and that Defendant regularly commented on how Plaintiff Urrizaga looked in certain outfits. Plaintiff Urrizaga also alleges she was once asked to run a personal errand for Defendant.  Finally, both plaintiffs contend they were called into regular meetings with Defendant which failed to focus on work related issues and which, in their opinion, were called solely so that Defendant could stare at their breasts.

Even assuming the truth of all of Plaintiff Urrizaga's allegations, the alleged harassment would not rise to the level of a Title VII violation in this instance.  Title VII does not protect employees from simple teasing, offhand comments and isolated incidents (unless extremely serious) because the law is not intended to work as a general civility code.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).  The main allegation raised by Plaintiff Urrizaga, that imaginary circles were drawn around her breasts, is not conduct that the court condones.  Rather, the court finds such actions inappropriate in the workplace.  However, the incident is admitted to be a solitary one.  There are no other allegations of direct inappropriate conduct between Defendant and Plaintiff Urrizaga. Further, the conduct is not alleged to be coupled with inappropriate language or touching and is not alleged to be part of an escalating pattern of harassment.  Finally, there appears to be no correlation between the alleged harassment and Plaintiff Urrizaga's ability to work in her office.  In fact, Plaintiff Urrizaga remained in the office between four and six weeks past the date she officially resigned, which was itself not until July 1, 2004, in order to allow a replacement to be found.  Given these facts, no reasonable jury could find that the alleged harassment so severe or pervasive that it altered the conditions of Plaintiff Urrizaga's employment to create an abusive working environment.

Even considering this incident in conjunction with the other complaints, the court concludes that the alleged harassment fails to meet the requirements of Title VII.  There are no allegations that the remaining actions complained of were directed towards Plaintiff Urrizaga.  Further, offhand comments about other employees or about how one looks in her outfit hardly arise to the level of harassment necessary to create an abusive working environment.  While Plaintiff Urrizaga may not have enjoyed working with Defendant, and while Defendant may have acted overtly towards Plaintiff Urrizaga on one occasion, the court finds that the frequency and severity of these acts did not infect Plaintiff Urrizaga's workplace with such severe harassment that it created an abusive working environment.

Further, even if the court were to find an abusive working environment on these facts, Plaintiff Urrizaga's claim would still fail based on its reliance on a constructive discharge theory.  A constructive discharge occurs when the working conditions deteriorate, as a result of the alleged discrimination, to the point that they become sufficiently extraordinary and egregious as to overcome the normal motivation of a reasonable employee to remain on the job.  *Brooks*, 229 F.3d at 930.  The standard for demonstrating a constructive discharge is greater than that for demonstrating a hostile work environment, and a plaintiff must demonstrate that she was driven from her job by conditions so intolerable that a reasonable person would leave.  *Id.*

Even if the court were to find a hostile work environment, Plaintiff Urrizaga's actions demonstrate that a reasonable person would not have been driven from the workplace.  While Plaintiff Urrizaga did not enjoy her work environment she did not tender her resignation until approximately five months after the overt incident of alleged harassment.  Even after tendering her resignation, Plaintiff Urrizaga was not so affected by the alleged harassment that she was driven from the workplace.  Instead, she remained at her position for an additional four to six weeks while a replacement was found.  Given these facts, no reasonable jury could find a constructive discharge, even if a hostile workplace existed.

1    Plaintiff Driskel's hostile work environment claim relies on substantially similar facts as
2 Plaintiff Urrizaga's claim.  Plaintiff Driskel, however, adds allegations that she was told by
3 Defendant that he was not getting what he wanted from her - a statement she believed to be sexual in
4 nature - and that she was yelled at for a period of five days.  Given the standards discussed above, the
5 court concludes that no reasonable jury could find a hostile work environment under the facts as
6 alleged by Plaintiff Driskel.
7    The one comment made to Plaintiff Driskel was not overtly sexual in nature.  Even if her
8 impression of that comment is accepted as true, it was an isolated incident that is not alleged to have
9 been repeated.  Further, while the five days of yelling alleged are not insignificant, the court does not
10 see evidence that the berating treatment was based on discrimination or that it so permeated the
11 working environment that it made for a hostile workplace.  Plaintiff Driskel admits that Defendant
12 was berating her for failing to follow instructions, and does not allege he yelled at her for being a
13 woman.  Further, even if her treatment was premised on the fact that she was a woman, the severity
14 of the treatment, a limited period of poor treatment based in part on a perceived failure to follow
15 directions that ended after five days, is not sufficient to demonstrate a hostile work environment.
16    As neither Plaintiff Urrizaga nor Plaintiff Driskel can demonstrate a hostile work
17 environment, and as Plaintiff Urrizaga cannot a demonstrate constructive discharge occurred,
18 Defendant is entitled to summary judgment on those issues.  Accordingly, Plaintiffs' second claim
19 for relief is dismissed as it relates to a hostile workplace claim.  However, the court does not pass
20 upon Plaintiff Driskel's gender discrimination and first amendment allegations at this time.
21 ///
22 ///
23 ///
24 ///
25

1   It is therefore ORDERED that Defendant's motion for partial summary judgment (#38) is GRANTED.

2   Plaintiffs' third, fifth, sixth and seventh claims for relief are dismissed. Further, Plaintiffs' second claim for relief is dismissed as it relates to a hostile work environment claim. Given these dismissals, the court notes that all claims brought by Plaintiff Urrizaga have been dismissed.

3   Defendant also requested that summary judgment be entered on Plaintiffs' claim for punitive damages. As the court has not had occasion to consider the remaining First Amendment and discrimination claims brought by Plaintiff Driskel, it would be inappropriate to dismiss her remaining claim for punitive damages at this time. The same is true for any remaining claim for attorney's fees.

DATED this 18th day of January, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE